### G. B. Sidelinger et al. v. Jones-Earl Shoe Co. et al.

1. EXECUTIONS—*Does Not Lose Its Priority, When.*—The fact that an execution from a justice's court has been sworn out and not immediately levied, does not subordinate it to executions subsequently issued.

2. SAME—*Power of Constables Under—Liens.*—A constable has the statutory period of seventy days to make the money under executions held by him, and they are liens upon the goods and chattels of the debtors from the time they come into his hands.

3. SAME—*Issued in Less Than Twenty Days.*—The fact that the statute authorizes the issuing of an execution on a judgment before a justice of the peace in less than twenty days, does not enlarge or abridge the writ when so issued. They are in effect like other executions issued after the expiration of twenty days.

4. CONSTABLES—*Duty Under Executions.*—A constable with an execution, must act under the command of the writ and not by direction of the party in whose favor it is, except that such party may order him to delay, or not to execute the writ at all, but he can not hasten the time of its execution sooner than is prescribed by the statute.

Voluntary Assignment.—Appeal from the County Court of Vermilion County; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899. Rehearing denied November 28, 1899.

LAWRENCE & LAWRENCE, attorneys for appellant.

PENWELL & LINDLEY, attorneys for appellees.

G. B. LEONARD, attorney for Whitney & Wabell, appellants.

E. WINTER, attorney for Palmer National Bank, appellant.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This case arises in the proceedings in the County Court of Vermilion county, in the matter of the assignment of the firm of Strong & Romig, insolvents, who made an assignment for the benefit of their creditors, to Henry Freeman, one of the appellees here, their estate being administered in that court.

A controversy arising among the creditors of that firm in that court, as to their respective proportions of the distribution of a fund of $856.37 in the hands of the assignee, the matter was properly submitted to that court, and it made the following order of distribution, to wit:

" Now comes Freeman, the assignee, and presents to the court his petition, alleging that of the creditors of said insolvents, who within ninety days from the time he gave notice to file claims with him, the following claim a preferred right or lien on the assets of said insolvents as set forth in their respective claims:

The Jones-Earle Shoe Co., The James A. Lawrence Co., Maloney Bros., Helmwig-Williamson Shoe Co., The Cady-Ivison Shoe Co., G. B. Sidelinger, W. F. Baum, Whitney & Wahill, H. S. Albright & Co., Palmer National Bank, Stevens & Berring, and The American Mutual Insurance Co.

And the assignee prays that said priorities may be adjusted and determined, and the assets of said estate distributed.

Also come said directors claiming priorities, by their respective attorneys, and their cause coming on to be heard for the said purposes, and the court, having heard evidence and arguments of counsel, and being fully advised, doth find that June 20, 1898, the said insolvents,Strong & Romig, as copartners, executed their deed of assignment for the benefit of their creditors to Harry L. Freeman, as assignee, which was filed for record same day at eight o'clock A. M.; that June 18, 1898, they confessed, by warrant of attorney,

a judgment in favor of said Sidelinger for $704 and costs, in this court, and thereupon execution was issued and delivered to the sheriff, who thereupon levied upon the goods and fixtures aforesaid, and at the same time levied a distress warrant thereon as agent of W. F. Baum, the owner of the store building. On June 22, 1898, it appearing that there were sundry executions in the hands of the constables of said county against the said insolvents, existing at the time and prior to said levy, who were claiming liens upon said property, and thereupon said claimants, the sheriff and assignee and all parties, excepting Strong & Romig, the Palmer National Bank and Whitney, Waybill & Co., entered and appeared in said court upon a petition filed, and thereupon the court ordered said assignee to receive said property from the sheriff, whereupon the same should become assets in his hands, and should be by him converted into money and to be held to abide the further order of the court as to said several claims of priority, and the final disposition thereof to abide the further order of the court.

And the court further finds that said assignee having duly qualified as such, on the 22d day of June gave the notice required by the statute to all persons having claims against said insolvents, to present the same to said assignee within three months from said date; and that at the expiration of said time, namely October 4, 1898, the said assignee reported and filed with the clerk of this court a true list, under oath, of all of such creditors who had claimed to be the creditors of said insolvents, among whom were H. S. Albright & Co., $141.63; G. B. Sidelinger, $715.45; W. F. Baum, $116.28; James A. Lawrence Co., $140.67; Whitney & Waybill, $614.65; Palmer National Bank, $650.04; Cady-Ivison Shoe Co., $84.25; Maloney Bros., $624.25; Stevens & Berring, $32.40; American Mutual Fire Insurance Co., $30.35; Helmig-Williams Shoe Co., $52.65; Jones-Earl Shoe Co., $41.60; James A. Bannister Co., $201.25.

And the court further found that no person, interested as creditor or otherwise, by himself or attorney, appeared within thirty days after the filing of said report, and filed any exception with said clerk to the claim or demand of any creditor as aforesaid; that said assignee had converted said property into money, and now asks direction as to the manner of its distribution among the creditors of said insolvents.

Upon due consideration the court doth order and decree that said assignee, after paying all costs and expenses of said

assignment, shall distribute the remaining assets, namely, $857.57, to said creditors whose claims were in judgment and in which executions were in the hands of officers at the time of the making of said assignment, shall be paid according to the seniority of the liens of said executions, that is to say :   Jones-Earl Shoe Co., $41.60; Cady-Ivison Shoe Co., $84.25; James A. Bannister Co., $201.75; Helmig-Williams Shoe Co., $52.65; James A. Lawrence Co., $140.67; Maloney Bros., $624.25; American Mutual Fire Insurance Co., $30.35; Stevens & Berring, $32.40; H. S. Albright & Co., $141.63; G. B. Sidelinger, $715.45; W. F. Baum, $116.28, and to distribute the residue to the other creditors who have presented their claims as aforesaid.

The court finds that the executions on the judgments of Palmer Bank and Whitney & Waybill were not delivered to the sheriff until after the execution and filing for record of said deed of assignment, and that they have not any prior lien upon said assets."

And the appellants not being satisfied with such order and distribution, appealed therefrom to this court.

The evidence shows that various executions on justices' judgments, in favor of the appellees other than the assignee, and against the insolvent firm, were in the hands of constables when the assignment was made, some of them a considerable length of time, but less than seventy days; and that demands had been made by such constables upon said firm for payment thereof, but they were not paid.

C. B. Sidelinger, one of the appellants, later obtained a judgment in the County Court of Vermilion county against the firm, upon a note he held against them, and caused an execution to be issued thereon, and at once placed it in the hands of the sheriff of that county, who immediately levied upon the same upon the stock of boots and shoes of the firm.

The firm at once made the assignment hereafter mentioned, and the assignee, Freeman, procured an order of that court directing the sheriff to surrender the stock of boots and shoes so levied upon by him, to the assignee, preserving the rights of all parties interested therein as they then stood.   The assignee sold the stock and converted it into money, amounting to $856.37, which constitutes the fund in controversy in this case.

The principal contentions of appellants are:

1. That the executions from the justices' courts have been sworn out; the statute required them to be immediately levied, which not being done, subordinated them to their executions.

2. That by reason of the delay in levying the executions held by the constables, it should be inferred that they are either suspended, or that the owners impliedly consented to suspend them, for which reason they are subordinated to the liens of the executions of appellants.

We are of the opinion, however, that such contentions ought not to be sustained under the facts in this case.

The constables had the statutory period of seventy days to make the money under the executions held by them, and they were liens upon the goods and chattels of the debtors from the time they came into the constable's hands. The fact that the statute authorizes the issuing of an execution on a judgment before a justice of the peace in less than twenty days, does not enlarge or abridge the writ when so issued; hence the fact that such executions were so issued makes no difference in that regard, but they were in effect like other executions issued after the expiration of twenty days. The evidence fails to show that the parties in whose favor these executions in the hands of the constables were, or that their attorneys consented to or authorized any delay in their levy or collection; but on the contrary it does show that the attorneys of such parties were pushing the constables to collect and urging the debtors to pay.

We think that where the statute limits the time in which an officer must do a particular thing, such officer complies with its mandate when he acts within the prescribed period; especially ought this to be true concerning the rights of parties interested in such acts, who have no power to control the acts of the officer as to the time in which he must act.

A constable with an execution must act under the command of the writ, and not by the direction of the party in whose favor it is, except that such party may order the con-

stable to delay, or not to execute the writ at all, but he can not hasten the time of its execution sooner than is prescribed by the statute.

It is contended by some of the appellees that the claim of appellant Sidelinger, upon which his judgment and execution were based, is not a partnership debt of the insolvents; but we think the evidence proves it was. To make it such it was not material that the note evidencing it should be signed in the firm's name. It was signed by both members of the firm, and the evidence shows that what the note represented went into the firm's assets.

Finding no reversible error was committed by the County Court in the order made by it in this case, we affirm it.

Order affirmed.